EMIL KENNY v. THE CITY OR TOWN OF HARTFORD ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 70241

Memorandum filed July 11, 1949.

*Cole & Cole*, of Hartford, for the Plaintiff.

*Franz J. Carlson* and *W. A. Countryman, Jr.,* of Hartford, for the Defendants.

TROLAND, J. This is an action in two counts, the first based on the claim of the plaintiff to recover for personal injuries caused by the alleged negligence of the defendants, and the second based on a claim that the injuries were caused by a nuisance created and maintained by the defendants.

The defendant Metropolitan District has demurred to both counts, because it is not alleged in the amended complaint that the District was the party bound to keep in repair the highway in which the catch basin mentioned in the complaint was located, and because the action against the District was not commenced within sixty days of the occurrence of plaintiff's alleged injury and the notice required by the provisions of the statute (General Statutes, § 2126) was not given.

The defendant's demurrer is based on the assumption that the complaint is based on a cause of action under § 2126 for injuries caused by a defective road, and against the party bound to keep it in repair. This assumption is unwarranted. There appears in the complaint no direct allegation that a road, or public way, was defective or out of repair. The first count contains definite allegations of negligence, both misfeasance and nonfeasance, in connection with the building and maintenance by the defendants of a catch basin or sewer opening "within the cross-walk or close by." The second count sets forth a cause of action for a nuisance alleged to have been created and maintained by the action of both defendants.

Whatever other infirmities in the complaint, or defense to it, there may be, it seems clear that the plaintiff was not required to set up a cause of action based on the statute and allege compliance on her part with its conditions, and her election not to do so is not ground for demurrer.

The demurrer is overruled.